UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jose P.J., | No. 26-372 (KMM/LIB) |
| Plaintiff, | |
| v. | **AMENDED ORDER** |
| Bondi, et al, | |
| Respondents. | |

This matter is before the Court on Jose P.J.'s petition for a writ of habeas corpus.[1] For the reasons set forth below, the Court grants the habeas petition.

## Background

Petitioner Jose P.J., a citizen of Ecuador, entered the United States in 2021 and again in 2022.[2] At that time, he was paroled into the United States, and has since applied for asylum.[3] In addition, Jose P.J. has an employment authorization allowing him to work in the United States. He was arrested in Minnesota on January 16, 2026, and is being held in

---

[1] In keeping with this District's policy in immigration cases, the Court identifies petitioner by his first name and last initials or refers to him as Petitioner.

[2] The parties have both submitted documents relating to Jose P.J. which substantiate this background discussion. [ECF 1, exhibits J-l; ECF 7] The Court appreciates the record gathered in such a short time. The Court also notes that the parties are in agreement about most of the relevant details. And the Court appreciates the work of counsel for Respondents in this matter in meeting an unusually tight deadline for a response, a deadline imposed because of the medical concerns raised in the petition.

[3] The details of and legal or regulatory basis for Jose P.J.'s parole are not clear from the record. Additionally, the Court cannot discern whether he was placed, at any time, on conditions of supervision. But neither side suggests that these facts are relevant to the outcome in this case.

1

Respondent's custody in the District of Minnesota. Jose P.J. also alleges that he was injured at the time of his arrest, but has been denied medical care.

Respondents' position is that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2), and they point to no other statutory or legal basis for his detention. In addition, although the Order to Show Cause issued in this matter required Respondents to demonstrate whether they had an administrative warrant at the time he was taken into custody, no warrant has been produced.

## Analysis

This case is one of many filed in recent months in this district challenging the application of § 1225(b)(2) to aliens who are already in the United States, either having entered without inspection or having been previously released pursuant to 8 U.S.C. § 1226. This Court has previously held that, because such people are not "seeking admission," as set forth in § 1225(b)(2), that provision – which mandates detention – does not apply to them. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025). The same legal conclusion has been adopted by countless district courts around the country in similar cases, by the only Court of Appeals to have issued an opinion on the matter, and by many courts in this district. The Respondents' position is that *Belsai D.S.* and the many other cases reaching the same conclusion were wrongly decided. The government points out, correctly, that other courts have ruled differently, and that the issue is currently pending before the Eighth Circuit, and asks this Court to reconsider its previous decision.

Although the Court has considered the arguments raised by the government, and reviewed the authority cited, the Court declines to repudiate its analysis from *Belsai D.S.* and instead continues to follow the analysis of the strong majority of courts to have considered the matter. Of course, these issues are complex and the government's arguments are not frivolous. But the Court continues to find that the better reading of the relevant

statutory scheme is that § 1225(b)(2) does not apply to Jose P.J. or others who are similarly situated, and his mandatory detention under that provision is not supported by the law.[4]

## Propriety of Immediate Release

Petitioner Jose P.J. alleges that he should be immediately released, seeking a bond hearing as an alternative remedy. The Court concludes that immediate release is appropriate in this case. The government has not claimed to have a "warrant issued by the Attorney General" supporting his recent arrest nor produced one to the Court.  As Judge Tostrud recently explained  "[s]ection 1226 provides that *'[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained.'" *Ahmed M. v. Bondi et al.*, 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *7 (D. Minn. Jan. 5, 2026).  Judge Tostrud concluded that the issuance of a warrant is a necessary prerequisite to even discretionary detention under § 1226(a), citing several decisions from other districts. *Id.* In *Ahmed M.*, like here, the petitioner had been rearrested with no warrant. Therefore the appropriate remedy in *Ahmed M.* was immediate release rather than a detention hearing. *See also Juan S.R. v. Bondi*, 26-cv-05 (PJS/LIB)(Order, January 12, 2026) (same).

The Court observes that the absence of the administrative warrant was not expressly raised by Jose P.J. in the Petition, but determines that it is nonetheless appropriate to consider that fact given the unique record before the Court here.  First, Respondents have been on notice of this argument and the importance of the administrative warrant to the analysis for several weeks.  More critically, in the Order to Show Cause in this case, Respondents were instructed to produce a warrant if one exists and to address the relevance of its absence if it does not. [ECF 5, ¶ 2e]  And finally, the unique additional factor of Jose P.J.'s purported need for medical care, a fact which Respondents have been unable to

---

[4]   Respondents note that Jose P.J. has applied for asylum.  However, that does not change the Court's conclusion that § 1225(b)(2) does not apply to his case. As Judge Tostrud recently noted in *Ahmed M v. Bondi et. al*, No. 25-cv-4711 (ECT/SGE), ECF 8, 2026 WL 25627, at *6 (January 5, 2026), "several courts have determined that asylum applications filed in like circumstances do not change the outcome." *Id*. (collecting cases).  The reasoning in Judge Tostrud's opinion, and those of the cases he references is sound, and the Court declines to find that Jose P.J.'s application for asylum justifies the application of § 1225(b).

dispute, weighs in favor of immediate release rather than continued detention while awaiting a bond hearing.[5]

## ORDER

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's petition for a writ of habeas corpus is **GRANTED**.

2. The Court **DECLARES** that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and **ENJOINS** respondents from denying release or other relief on the basis that he is subject to such mandatory detention.

3. The Court **ORDERS** Respondents to immediately release Petitioner Jose P.J. If Jose P.J. was previously subject to conditions of supervision, his release may be on the same conditions.

4. Finally, the Court **ORDERS** Respondents to notify the Court within 24 hours of Petitioner's release.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Date: January 17, 2026                    *s/Katherine M. Menendez*
                                          Katherine M. Menendez
                                          United States District Judge

---

[4] To be clear, the Court is not finding either that Jose P.J. was injured in the manner he alleges, nor that the Respondents have denied him medical care. But the allegation of need for care is an additional factor supporting the Court's legal analysis regarding the propriety of immediate release.